# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HANIFA WHITTAKER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CCIS NORTH OF PHILADELPHIA, | : | NO. 10-1095 |
| | : | |
| Defendant. | : | |

## MEMORANDUM

RONALD L. BUCKWALTER, S. J.            April 22, 2010

Currently pending before the Court is the Motion of Defendant CCIS North of Philadelphia ("CCIS") to Dismiss Plaintiff's Complaint and Plaintiff Hanifa Whittaker's Response and Request for Remand. For the following reasons, the Court dismisses with prejudice Plaintiff's claim under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., and remands the remainder of the case to the Court of Common Pleas for Philadelphia County, Pennsylvania.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the facts set forth in the Amended Complaint, Plaintiff began employment with the Defendant on May 1, 2007, under an implied contract. (Am. Compl. ¶¶ 3, 5.) During the course of Plaintiff's employment, Defendant allegedly ignored multiple harmful work conditions that existed for an extended period of time on the premises and led to Plaintiff's illnesses. (Id. ¶ 11.) Specifically, Plaintiff claims that dirt, debris, dust, and other toxic substances fell upon her work area for multiple months. (Id. ¶ 10.) Further, Defendant created a

"hostile work environment" by permitting "detrimental and unhealthy conditions exist, particularly, permitting the temperature to be either too hot or too cold, permitting rodent feces to exist in the Plaintiff's work area, and specifically not preventing tar and other toxic substances [from accumulating] in and around the Plaintiff's work station." (Id. ¶ 17.)

As a result of these various conditions, Plaintiff suffered significant respiratory conditions, including bronchitis, headaches, and sinus infections. (Id. ¶ 10.) Plaintiff gave notice of her medical conditions to her superiors and used her allotted sick days to take off from work. (Id. ¶¶ 18, 19.) Despite the fact that the employee manual permitted Plaintiff to take her earned sick days and that Plaintiff provided Defendant with the proper doctor's notes, Defendant subsequently claimed that it never received these doctors' notes. (Id. ¶¶ 8-9, 21-23.) When Plaintiff pointed to the employer's manual relating to sick leave, Plaintiff's manager, Yvonne Williams, became personally upset at Plaintiff and engaged in a vendetta to have her terminated. (Id. ¶¶ 15-16.)

On March 27, 2009, the Defendant terminated Plaintiff under the pretense of excessive absenteeism. (Id. ¶¶ 4, 6, 7.) At the time of her termination, Plaintiff still had 10.5 of personal time, 4.3 hours of sick time, and 31 hours of vacation time remaining. (Id. ¶¶ 20, 24.) As a result of this wrongful termination, Plaintiff allegedly suffered a loss of wages of approximately $800 per month. (Id. ¶ 26.) At no time did Defendant advise Plaintiff of her right to worker's compensation. (Id. ¶ 12.)

On September 16, 2009, Plaintiff filed a Complaint in the Court of Common Pleas for Philadelphia County, Pennsylvania setting forth only state law claims. In response, Defendant filed Preliminary Objections. By way of Order dated February 19, 2010, the state court sustained

Defendant's Preliminary Objection for lack of sufficient specificity in the Complaint and ordered Plaintiff to file an amended version, but overruled Defendant's remaining Preliminary Objections. On February 27, 2010, Plaintiff filed her Amended Complaint. Although that document does not specifically enumerate any counts, it apparently alleges claims for violation of Pennsylvania public policy, fraud, negligence, wrongful discharge and violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. (Id. ¶¶ 4, 7, 11, 13, 14, 17, 21, 23.) She seeks damages for back pay "and other losses that relate to the fraudulent conduct that [Defendant] [has] engaged in up until the day that the Plaintiff can physically return to work." (Id. ¶ 28.) Further, Plaintiff contends that, due to the fraudulent actions of Defendant and, in particular, Yvonne Williams, Defendant is liable for counsel fees and costs. (Id. ¶ 27.) Her total claims seek an amount not in excess of $50,000. (Id. ¶ 28.)

Defendant sought removal of the litigation to federal court on March 12, 2010, on the grounds that the Amended Complaint alleged, for the first time, a federal cause of action pursuant to the FMLA. (Notice of Removal ¶¶ 6, 8.) Removal was granted under this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]

On March 19, 2010, Defendant moved for partial dismissal of Plaintiff's Amended Complaint and Plaintiff filed her Opposition on March 31, 2010. In her responsive brief, Plaintiff also sought to withdraw her claim under the FMLA and have the case remanded to state

---

[1] This statute states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983)).

3

court.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, No. CIV.A.03-1612, 2003 WL 21204467, at *1 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. CIV.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008). In reviewing such a motion, the Court must determine whether removal was proper at the time of the petition for removal. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Remand to the state court is appropriate for: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. Kimmel v. DeGasperi, No. CIV.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)).

In this case, Plaintiff does not challenge either the procedural validity of Defendant's removal or the presence of this Court's subject-matter jurisdiction. Rather, she contends only

4

that because she wishes to withdraw her sole federal claim under the FMLA, this Court should decline to exercise supplemental jurisdiction over the remaining state claims.[2] Pursuant to prevailing Supreme Court jurisprudence on the subject, this Court agrees.

Under 28 U.S.C. § 1367(c), "[t]he district court may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. Where a case has been removed from state court to federal court on the basis of federal question jurisdiction, the United States Supreme Court has recognized that a district court retains the discretion to remand that matter back to state court when all federal law claims have been dropped or dismissed from the action and only pendant state law claims remain. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). In such circumstances, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in [federal] court involving pendent state-law claims." Id. at 350. Moreover, the Supreme Court held that the possibility of a plaintiff engaging in "manipulative tactics" of forum-shopping simply by deleting federal claims did not warrant denying the district court the discretion to remand such claims. Id. at 357. Rather, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." Id.

---

[2] Notably, this Court does not have diversity jurisdiction over this case under 28 U.S.C. § 1332(a) since, according to the Amended Complaint, both parties are from Pennsylvania. (Am. Compl. ¶¶ 1-2); see Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 183 (3d Cir. 2008) (stating that under the "complete diversity" rule, all plaintiffs must be diverse from all defendants).

In Trans Penn Wax Corp. v. McCandless, 50 F.3d 217 (3d Cir. 1995), the Third Circuit reaffirmed the ability of a federal court to perform a discretionary remand when it has declined to exercise supplemental jurisdiction. Id. at 224. In that matter, the plaintiffs brought federal RICO claims, together with state law contract and tort claims against their employer. Id. at 220. After the defendants removed the claim to federal court, plaintiffs dismissed their RICO claims and requested to have the remaining state law claims remanded. Id. Referencing Carnegie-Mellon and weighing considerations of "economy, convenience, fairness, and comity" in conjunction with plaintiff's "manipulative tactics," the federal district court determined that the action was "'better suited to be adjudicated by Pennsylvania courts.'" Id. at 233 (citing McCandless v. Trans Penn Wax Corp., 840 F. Supp. 371, 374 (W.D. Pa. 1993)). Upon the defendants' request for a writ of mandamus to prevent the remand, the United States Court of Appeals for the Third Circuit concluded that the district court "acted within its sound discretion in remanding after the employees withdrew their federal claims." Id.[3]

---

[3] See also Datto v. Thomas Jefferson Univ., No. CIV.A.08-2154, 2009 WL 577458, at *3 (E.D. Pa. Mar. 4, 2009) ("the balancing of considerations of judicial economy, convenience, comity and fairness to the parties supports the remand of this case, despite [plaintiff's] admitted purpose of seeking to manipulate the forum in which his case is heard."); Cabibbo v. Parsons Inspection & Main. Corp., No. CIV. A.09-3213, 2009 WL 3074731, at *6-7 (D.N.J. Sep. 23, 2009) (holding that where the court had not expended judicial resources on the case and the remand motion was the first the court had heard since it was removed, court determined that factors of judicial economy, convenience, fairness, and comity weighed in favor of remand); Galvani v. Pennsylvania, No. CIV. A.08-393, 2008 WL 4821748, at *9 & n.15 (M.D. Pa. Nov. 4, 2008) (holding that where federal claims have been dropped and remaining state law claims will require the interpretation of the Pennsylvania Constitution and application of state tort law, "principles of judicial economy weight heavily in favor of litigation the matter in state court."), aff'd, 329 Fed. Appx. 344 (3d Cir. 2009); Hunter v. Temple Univ. Sch. of Med., No. CIV.A.03-1649, 2003 WL 22597677, at *1 (E.D. Pa. Oct.. 29, 2003) ("Where a plaintiff drops all of the federal claims upon which removal jurisdiction was originally based, a district court has wide discretion in deciding whether to retain jurisdiction over the pendent state law claims"); Jones v. Montgomery Hosp., No. CIV.A.92-6809, 1993 WL 12836, at *4 (E.D. Pa. Jan. 15, 1993). (remanding remaining state

In the present case, Plaintiff's original state court Complaint contained no federal cause of action. Only after the state court dismissed the Complaint on the grounds of insufficient specificity and ordered Plaintiff to file an Amended Complaint did Plaintiff add a claim asserting a violation of the FLSA. On March 12, 2010, thirteen days after the filing of that Amended Complaint, Defendant removed the case to state court and, on March 19, 2010, it moved for partial dismissal of the Amended Complaint. In her Response to that Motion, Plaintiff chose to withdraw her federal claim leaving only the original state law causes of action set forth in the initial Complaint.

At this juncture, the Court finds that remand to state court is the most appropriate course. The remaining claims involve interpretation of state tort and statutory law and, as such, are best suited for resolution in a state forum. Moreover, just over one month has passed since the this action was removed to federal court. This Court has heard no other motions other than the present one, held no conference, and entered no scheduling order. Finally, the Court does not find that Plaintiff has engaged in forum-shopping since she never sought to substantively defend her federal cause of action during the one month in which that claim has been part of the litigation. Given such facts, considerations of the judicial economy, convenience, fairness, and comity all weigh in favor of remand. See Carnegie-Mellon, 484 U.S. at 351 ("[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction.").

---

law claims where case was in early stage of litigation, the activity had been limited to the filing of a few documents, no hearing or conference had been held, and no scheduling order had been entered).

Notwithstanding the decision to remand, the Court is cognizant of the potential that Plaintiff will attempt to re-plead her FMLA claim in state court. Should that happen, Defendant could once again remove the case to federal court, thus placing the parties and the Court in virtually the same procedural posture. This procedural conundrum, however, is easily resolved. Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Given Plaintiff's voluntary withdrawal of her claims for violation of the Family Medical Leave Act, (Pl.'s Mem. Opp. Mot. Dismiss 2), the Court dismisses this claim with prejudice prior to the remand. See Rega v. Beard, No. CIV.A.06-1575, 2007 WL 336611, at *2 (W.D. Pa. Jan. 31, 2007) (dismissing voluntarily withdrawn federal claim with prejudice prior to remand).

An appropriate order follows.